**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul T. AMA, also known as Sia Ama, also known as CE–Nutt MR, also known as X–Fatso, Defendant–Appellant.**

**No. 01–4093.**

United States Court of Appeals, Tenth Circuit.

June 5, 2002.

---

Before TACHA, Chief Judge, PORFILIO, Circuit Judge, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

JOHN C. PORFILIO, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir.

R. 34.1(G). The case is therefore ordered submitted without oral argument.

While serving a federal sentence at the Salt Lake County Adult Detention Center, defendant-appellant Paul T. Ama assaulted a guard, and he was subsequently indicted for assaulting a federal officer in violation of 18 U.S.C. § 111. In January 2001, with the consent of the government and the approval of the district court, Mr. Ama entered a conditional plea of guilty to the assault charge pursuant to Fed.R.Crim.P. 11(a)(2), reserving the right to "pursu[e] an appeal in the 10th Circuit Court of Appeals relative to the status of the victim, a Salt Lake County Sheriff, at the time of the assault and whether he was in fact acting as a federal officer." R., Vol. 1, Doc. 18 at 4, ¶ 13(b)(2). In May 2001, the district court sentenced Mr. Ama to thirty-six months in prison on the assault charge, with the sentence to run consecutively to his prior federal sentence.

Mr. Ama then filed this appeal, asserting that this court should vacate his conviction under 18 U.S.C. § 111 because the guard he assaulted was not a federal officer.[1] Instead of responding to the merits of this argument, the government filed a brief on appeal in which it asserted that Mr. Ama's conditional guilty plea is invalid because it failed to meet the requirements of Fed.R.Crim.P. 11(a)(2). Specifically, the government asserted that the plea was invalid because Mr. Ama did not obtain an "adverse determination" from the district court concerning the status of the guard prior to entering his plea as required by Rule 11(a)(2). *See* Fed.R.Crim.P. 11(a)(2)

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. In his opening brief, Mr. Ama also argued that the district court erred in calculating his sentence under USSG § 2A2.2. However, as explained below, Mr. Ama did not enter a valid conditional guilty plea, and we therefore do not have jurisdiction to consider the sentencing issue he raised in his opening brief.

(providing that "a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion"). Given the alleged invalidity of the plea under Rule 11(a)(2), the government further asserted that Mr. Ama's guilty plea was unknowing and involuntary, and it requested that this court remand the case to the district court so that it can set aside the defective conditional plea.

We directed the parties to file additional briefs addressing the issues raised by the government. Having reviewed the parties' additional briefs, we note that Mr. Ama and the government are now apparently in agreement that Mr. Ama's conditional plea is invalid under Rule 11(a)(2). Further, both Mr. Ama and the government are requesting that we remand this case to the district court so that the court can determine the status of the guard for purposes of 18 U.S.C. § 111, and the government has no objection to Mr. Ama then entering the same conditional plea if the issue is determined adversely to him.

Our review of the record reveals that the district court never entered a formal ruling concerning whether the guard Mr. Ama assaulted was a federal officer for purposes of 18 U.S.C. § 111.[2] Consequently, the issue was never determined adversely to Mr. Ama prior to the entry of his conditional plea, and we therefore agree that his plea is invalid under Rule 11(a)(2). That being the case, we do not have jurisdiction over this appeal, and we deny the parties' request for a remand to the district court. However, the government has informed this court that it has no objection to Mr. Ama's request that further proceedings be conducted before the district court so that he can enter a valid conditional plea based on the same terms and conditions as the present plea. Accordingly, we will rely on the good faith of the government to accomplish that result.

This appeal is DISMISSED.

---

**2.** Although the government filed a pretrial motion requesting that the district court conduct a hearing on the issue of whether the guard was a federal officer for purposes of 18 U.S.C. § 111, the district court did not conduct a hearing or rule on the government's motion, and Mr. Ama failed to move separately for a determination regarding the status of the guard.